IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COURTNEY CEPEDA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:23-CV-02234-E |
| | § | |
| THE CITY OF ROCKWALL, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant City of Rockwall's (the "City") Motion to Dismiss, which seeks dismissal of Plaintiff Courtney Cepeda's ("Cepeda") negligence claim under 12(b)(1) and/or 12(b)(6). (ECF No. 6). To date, Cepeda has failed to file any opposition or response, whatsoever. For the reasons enumerated below, the Court **GRANTS** the City's Motion.

### I. BACKGROUND

This action arises from a tort action arising out of an incident occurring on Lake Ray Hubbard located on the East Fork of the Trinity River in Rockwall County, Texas.

> On or about June 11, 2023, Plaintiff was on a vessel that was attempting to tie up to the dock to take shelter from an impending storm. There were no cleats available for securing the mooring lines of the vessel to the dock. On information and belief, Plaintiff avers that the cleats had been removed as the dock was undergoing repairs. Instead, there was a single metal dock piling that was driven into the ground to provide stability to the structure that was built out over the water. The piling was secured to the ground, but the dock was allowed to float on the water surface and move up and down on the piling as the water moved up and down. There was a roller secured to the dock that allowed the dock to move up and down on the piling. This roller is located on the dock behind the piling so that it would be hidden to anyone approaching the dock from the water in a boat. Because no cleats were available for mooring, Plaintiff tried to secure a line around the piling. There were no signs warning of the presence of the dangerous roller. The sign on the post in the photo, which is also facing away from the water says "No Diving." As Plaintiff

reached around the piling with the mooring line, the dock moved trapping and crushing Plaintiff's left hand between the roller and metal piling causing a partial amputation of one of her fingers. Plaintiff underwent emergency treatment and has subsequently required further medical treatment as a result of her injuries.

(ECF No. 1 at 2-4).

Cepeda initiated this lawsuit on October 11, 2023, asserting a claim of negligence. (ECF No. 1). On December 9, 2023, the City filed a motion to dismiss Cepeda's claim under 12(b)(1) and 12(b)(6). (ECF No. 6). Cepeda wholly failed to answer or respond to the City's motion.[1] Thus, the City's motion is ripe for consideration.

## II. LEGAL STANDARD

### A. Rule 12(b)(1)

A district court properly dismisses a claim for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure Rule 12(b)(1) if the court "lacks the statutory or constitutional power to adjudicate the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig. (Miss. Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012) (citation omitted). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 191 (5th Cir. 2001). A court may dismiss for lack of subject-matter jurisdiction based on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Lane v. Halliburton, 529 F.3d 548, 557* (5th Cir. 2008).

---

[1] The Court notes that Cepeda, together with the City, filed a Joint Motion to Stay Pending Resolution of Motion to Dismiss Based on Jurisdiction, (ECF No. 7), after the City filed its Motion to Dismiss. The Court subsequently granted the Motion to Stay, except for completion of the briefing of the City's Motion to Dismiss. (ECF No. 8). However, this does not constitute an answer or response to the City's Motion to Dismiss as outlined in Northern District of Texas Local Civil Rule 7.1(e).

**B. Rule 12(b)(6)**

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If a plaintiff fails to satisfy Rule 8(a), the defendant may file a Rule 12(b)(6) motion to dismiss for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the courts to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Iqbal*, 556 U.S. at 678.

In considering a Rule 12(b)(6) motion to dismiss, "the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to plaintiff." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 725 (5th Cir. 2019). The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citation omitted.)

### III. ANALYSIS

Northern District of Texas Local Civil Rule 7.1(e) instructs that "[a] response and brief to an opposed motion must be filed within 21 days from the date the motion is filed." N.D. Tex. Loc. Civ. R. 7.1(e). A party who fails to pursue a claim beyond its initial pleading may waive or abandon the claim. *Black v. N. Panola School Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) ("[Plaintiff] further failed to defend her retaliatory abandonment claim in both responses to the defendant's

motion to dismiss."). Thus, a party's failure to defend a claim in her response to a motion to dismiss constitutes abandonment. *See Matter of Dallas Roadster, Ltd.*, 846 F.3d 112, 126 (5th Cir. 2017) (concluding plaintiff's failure to respond to defendant's argument in a motion to dismiss constituted abandonment) (citing *Black*, 461 F.3d at 588 n.1); *see, e.g.*, *Vela v. City of Houston*, 276 F.3d 659, 678-79 (5th Cir. 2001) (discussing abandonment of theories of recovery and defenses when such theories were not presented to the trial court).

Here, Cepeda failed to respond to the City's motion to dismiss and more than 21 days have passed since the City filed its motion. *See* N.D. Tex. Loc. Civ. R. 7.1(e). Because Cepeda wholly failed to respond to the City's challenge to subject-matter jurisdiction and failure to state a claim upon which relief can be granted, the Court concludes Cepeda has abandoned these claims. *See Black*, 461 F.3d at 588 n.1; *Matter of Dallas Roadster, Ltd.*, 846 F.3d at 126; *Vela*, 276 F.3d at 678-79.[2]

Because the Court concludes Cepeda has abandoned her only claim—constituting dismissal of her case—the Court pretermits further discussion of the City's arguments regarding subject-matter jurisdiction and failure to state a claim.

---

[2] *See also, e.g.*, *JMCB, LLC v. Bd. of Com. & Indus.*, 336 F. Supp. 3d 620, 634 (M.D. La. 2018) ("[F]ailure to brief an argument in the district court waives that argument in that court.") (quoting *Magee v. Life Ins. Co. of N. Am.*, 261 F. Supp. 2d 738, 748 n.10 (S.D. Tex. 2003)) (citations omitted); *Kellam v. Servs.*, No. 12-352, 2013 WL 12093753, at *3 (N.D. Tex. May 31, 2013), *aff'd sub nom. Kellam v. Metrocare Servs.*, 560 F. App'x 360 (5th Cir. 2014) ("Generally, the failure to respond to arguments constitutes abandonment or waiver of the issue.") (citations omitted); *Mayo v. Halliburton Co.*, No. 10-1951, 2010 WL 4366908, at *5 (S.D. Tex. Oct. 26, 2010) (granting motion to dismiss breach of contract claim because plaintiff failed to respond to defendants' motion to dismiss on this issue and thus waived the argument).

## IV. CONCLUSION

For the reasons enumerated above, the Court **GRANTS** the City's motion to dismiss, and Cepeda's claim of negligence is **dismissed without prejudice**. The Court shall enter a Rule 54(b) final judgment. *See* Fed. R. Civ. P. 54.

**SO ORDERED:** January 24, 2024.

Ada E. Brown
UNITED STATES DISTRICT JUDGE